FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JAN 31 P 4:30

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIO MCKINLEY | CIVIL ACTION |
| VERSUS | NO. 00-208 |
| ANTHONY P. CHAMPAGNE | SECTION "N" (2) |

### REPORT AND RECOMMENDATION

Plaintiff Mario McKinley is a prisoner presently incarcerated in the Elayn Hunt Correctional Center and a frequent litigant in this Court. He filed this pro se and in forma pauperis complaint against Anthony P. Champagne, Chief of the Indigent Defenders Office of Terrebonne Parish, Louisiana. He alleges that Champagne did not provide him with adequate legal assistance necessary to defend him in a state criminal matter involving a detainer. Record Doc. No. 1, Complaint at ¶ IV and attached pages. He alleges that the indigent defender "does not cover the full range of [McKinley's] legal needs." Id. at ¶ IV. He seeks monetary and injunctive relief. Id. at ¶ V.

DATE OF ENTRY: FEB 1 2000

DATE OF MAILING: FEB 1 2000

___ Fee
___ Process
X  Dktd
___ CtRmDep
___ Doc. No.

## ANALYSIS

(A)   STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the Court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest

which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

In this case, plaintiff's Section 1983 claims must be dismissed under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1), because they lack an arguable basis in law and because his complaint fails to state a claim under the broadest reading.[1] In addition, the habeas corpus aspects of his claims should be dismissed without prejudice for failure to exhaust his state court remedies.

(B)  SECTION 1983 CLAIMS

Plaintiff alleges that Anthony Champagne, Chief of the Indigent Defenders Office of Terrebonne Parish, failed adequately to represent him in his current criminal proceedings when a detainer was lodged against him. To whatever extent, if any, plaintiff seeks to assert an action under Section 1983, he fails to state a claim for relief.

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

3

To be successful under Section 1983, a plaintiff must establish that the defendant was acting under color of state law in violating his rights.  See Daniels v. Williams, 474 U.S. 327 (1986).  Neither a public defender nor a privately retained defense attorney is considered to be a state actor.  Polk County v. Dodson, 454 U.S. 312, 325 (1981); Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996); Mills v. Criminal District Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988).  Since the defendant is not a state actor, plaintiff's Section 1983 claim has no basis in law and should be dismissed as legally frivolous and for failure to state a cognizable claim.

(C)   HECK APPLICATION TO SECTION 1983 CLAIMS

To whatever extent, if any, plaintiff might seek damages in this lawsuit against a proper defendant, the complaint must also be dismissed.  In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that any civil action for damages for alleged civil rights violations, which attacks the validity of state court conviction or imprisonment that has not been reversed, expunged, invalidated or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated

>is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted).

Plaintiff's damages claims concerning alleged ineffective assistance of counsel are connected to the validity of the detainer that forms the basis of this complaint. Heck, 512 U.S. at 479; Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1997); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). A detainer placed against an inmate by authorities of another jurisdiction is considered to be a form of "custody." Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987); Braden v. 30th Judicial Court of Kentucky, 410 U.S. 484, 489 n.4 (1973). The detainer about which McKinley complains has not been invalidated in any of the ways described in Heck. Thus, any claim for damages plaintiff asserts concerning this outstanding detainer, even if asserted against a proper "state actor" under Section 1983, are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of these claims is with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

(D)   HABEAS CLAIMS

McKinley's complaint in substantial part challenges the validity of a detainer, a form of custody, that has been placed against him. He claims that the Chief of the

5

Terrebonne Parish Indigent Defender's Office has failed to assist him in criminal proceedings concerning the detainer.

Although plaintiff's suit is styled as a civil rights action under 42 U.S.C.§ 1983 and filed on a form normally reserved for Section 1983 complaints, this Court is required first to examine plaintiff's complaint to ascertain whether his claims, if proven true, would undermine the validity of the outstanding detainer. A prisoner who challenges the very fact or duration of his physical imprisonment and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than Section 1983 civil rights relief. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir. 1997); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982). A detainer placed against an inmate by authorities of another jurisdiction is a form of "custody" and may be addressed by a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Dickerson, 816 F.2d at 224; Braden, 410 U.S. at 489 n.4. Thus, although plaintiff filed his complaint on a form reserved for Section 1983 complaints, his action must initially be treated as a petition for habeas corpus relief because he seeks in part an earlier release from the "custody" imposed by the outstanding warrant. Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court prior to requesting federal collateral relief. Whitehead v. Johnson, 157 F.3d

384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. Id. "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Nobles, 127 F.3d at 420). A court may notice sua sponte the lack of exhaustion. McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, McKinley does not allege that he has exhausted his state court remedies. On the contrary, on the first page of his complaint, he indicates that he has not begun any other lawsuits in state or federal court dealing with the same facts involved in this action. Record Doc. No. 1, Complaint at ¶ I. Accordingly, insofar as McKinley's complaint may be viewed as seeking habeas corpus relief, it must be dismissed without

prejudice so that he may seek the appropriate remedy in state court and allow the state courts an opportunity to rule on the merits of his unexhausted claim.

### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that plaintiff's habeas corpus claims be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies.

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _31st_ day of January, 2000.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE